**John FLOOD, et al., Plaintiffs,**

v.

**Nicholas VEGHTS, et al., Defendants.**

No. 94 C 2985.

United States District Court,
N.D. Illinois,
Eastern Division.

March 5, 1996.

Noel T. Wroblewski, Combined Counties Police Association, Palatine, Illinois, for Plaintiffs.

Ann L. Wallace, United States Attorney's Office, Chicago, Illinois, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Plaintiffs, the subscribers and sponsor of a proposed credit union, applied for federal share insurance from the National Credit Union Administration ("NCUA"). The application before the NCUA was first considered and rejected by the NCUA's Regional Director, Nicholas Veghts. Plaintiffs then sought reconsideration. The Regional Director did reconsider and again denied the application. Thereupon, the plaintiffs appealed to the NCUA Board. This time the Board issued a final denial. Plaintiffs now seek judicial review of the agency's action.

In an earlier opinion, this court held that the NCUA Board's action is subject to judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* *See Flood v. Veghts,* 878 F.Supp. 1083 (N.D.Ill.1995). Defendants have now filed a motion for summary judgment. Plaintiffs have also moved for summary judgment, as well as filed a motion in opposition to defendants' motion for summary judgment. For the reasons set forth below, defendants' motion is granted and both of plaintiffs' motions are denied.

Section 706 of the APA provides that a reviewing court shall "hold unlawful and set aside agency actions, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The scope of review under this standard is narrow and a court is not to substitute its judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n. v. State Farm Mutual,* 463 U.S. 29, 42, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983). "Nevertheless, the agency must examine the relevant data and articulate a 'rational connection between the facts found and the choice made.'" *Id.* (citing *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168, 83 S.Ct. 239, 245–46, 9 L.Ed.2d 207 (1962)). In reviewing that explanation, this court's task is to determine whether the agency's decision "was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* at 43, 103 S.Ct. at 2866–67 (citations omitted). The "arbitrary or capricious" standard is a deferential one which presumes that agency actions are valid as long as the decision is supported by a "rational basis." *Pozzie v. U.S. Dept. of Housing and Urban Development,* 48 F.3d 1026, 1029 (7th Cir.1995). Despite the fact that the agency's decision is entitled to a presumption of validity, this court must nevertheless engage in a "substantial inquiry," or in other words, "a thorough, probing, in depth review." *Id.* (citing *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)).

■ Plaintiffs' argument for reversal of the NCUA Board's denial of federal share insurance is clear and simple. They argue that the Board's reasoning is not only "nonexistent" but also based on "pure speculation." The court disagrees.

The Federal Credit Union Act ("Act") provides that the NCUA Board may insure the member accounts of credit unions organized and operated according to the laws of any State. 12 U.S.C. § 1781(a). As was done in this case, the credit union seeking federal share insurance must submit an application. *Id.* at 1781(b). Before approving any such application, the Act states that the Board shall consider:

"(A) the history, financial condition, and management policies of the applicant;

(B) the economic advisability of insuring the applicant without undue risk of the fund;

(C) the general character and fitness of the applicant's management;

(D) the convenience and needs of the members to be served by the applicant; and

(E) whether the application is a cooperative association organized for the purpose of promoting thrift among its members and creating a source of credit for provident or productive purposes."

*Id.* at 1781(c)(1). The Act further states that "[t]he Board shall disapprove the application of any credit union for insurance of its member accounts if it finds that its reserves are inadequate, that its financial condition and policies are unsafe or unsound, that its management is unfit, that insurance of its member accounts would otherwise involve undue risk to the fund, or that its powers and purposes are inconsistent with the promotion of thrift among its members and the creation of a source of credit for provident or productive purposes." *Id.* at 1781(c)(2).

In this case, the Board, pursuant to § 1781(c)(2), denied the plaintiffs' application for federal share insurance because the credit union's probable future financial condition and policies were unsafe and unsound and because insurance of its member accounts would involve undue risk to the NCUA's insurance fund. The Board made its decision based on four separate pieces of evidence. The court considers each of these in turn.

■ First, the Board noted that a severe overlap problem has not been adequately addressed by the plaintiffs. The overlap problem exists because members of the Combined Counties Police Association (the proposed credit union's sponsor and a plaintiff in this case) are already eligible for credit union membership in the Heritage Federal Credit Union. This, the Board found, would have an adverse impact on the proposed credit union's ability to attract and maintain deposi-

tors and borrowers and calls into serious question its economic viability. Consequently, the Board suggested that the plaintiffs address the overlap problem in any future application, e.g., by taking a survey of those people within the overlap group to see if they would join the proposed credit union or maintain their accounts with Heritage Federal. Despite the plaintiffs' argument to the contrary, the court finds this to be a legitimate concern by the Board. Clearly, it is not economically advisable for the NCUA to give federal share insurance to a proposed credit union that does not have a likely potential membership. It is quite possible that the overlap group might be satisfied with Heritage Federal and thus eliminate any need for another credit union. Therefore, the court does not find a clear error of judgment by the Board and suggests that the plaintiffs should address this issue in any future application.

Second, the Board states that the size of the proposed credit union's potential field of membership (1,000 individuals) also calls into serious question the economic viability of the credit union. The Board notes that the NCUA's experience has shown that "a credit union with under 500 potential members is unlikely to succeed." Therefore, the Board found, a field of one thousand potential members that is completely overlapped by another credit union will almost certainly have a difficult time remaining economically viable. The plaintiffs argue that the one thousand members of the Combined Counties Police Association are "strong and viable" and have been in existence over twenty years. That may be so however, as stated above, the plaintiffs have not addressed the overlap problem. Therefore, this court finds that the Board's consideration of the potential field of membership was certainly relevant and that denial of the application at this time was not a clear error of judgment.

Third, the Board found the proposed credit union's business plan to be clearly deficient. Specifically, the NCUA requested from the applicant: (1) written policies for lending, investments and fund management; (2) a discussion in the business plan regarding matching the sources and uses of pension funds; (3) a survey demonstrating either the need or support of the proposed credit union; (4) a discussion regarding currently availability of other financial services; (5) supportable growth goals. Plaintiffs, rather than addressing these deficiencies in a new application, now appeal to this court and argue that the business plan they did submit "surely suffices." The court disagrees. All of the things that the Regional Director requested are legitimate concerns and relevant to the Board's decision whether management is fit to run the credit union and whether insurance of the credit union's member accounts would be too risky to the fund. Again, the court finds that the Board was not arbitrary or capricious and did not make a clear error of judgment.

Finally, the Board found that the plaintiffs' initial application for insurance as well as the development and submission of the business plan indicates that the subscribers may not have the ability or experience to operate a credit union. It is clear that the general character and fitness of the applicant's management must be considered before the Board decides to grant federal share insurance. 12 U.S.C. § 1781(c)(1)(C). Furthermore, the applicant's submissions and dealings with the NCUA are indicative of whether management is fit to run a credit union. As for the plaintiffs' initial submission, the application was blank except for name, address, and potential membership. While the court recognizes that much of the application was not applicable because this was a newly chartered state credit union, surely the plaintiffs did not expect to receive insurance without a developed business plan in accordance with the NCUA Chartering and Field of Membership Manual. As for the business plan later submitted, the court has already noted its deficiencies. Therefore, the court finds that the NCUA Board did consider relevant factors when it made its decision to deny plaintiffs' application. The court holds, as a matter of law, that the Board acted reasonably based on the evidence before it and did not make a clear error of judgment.

### CONCLUSION

Defendants' Motion for Summary Judgment is granted. Plaintiffs' Motion for Summary Judgment and the Motion by Plaintiffs in Opposition to Defendants' Motion for Summary Judgment are denied.